UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 564-2 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| TERRION THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The government alleges that Defendant Terrion Thomas participated in an armed robbery of an AT&T store. On October 21, 2020, a grand jury returned a superseding indictment (the "Indictment"), which charges Thomas with two counts of Hobbs Act robbery (Counts Two and Four), one count of conspiracy to commit Hobbs Act robbery (Count One), and one count of using, carrying, and brandishing a firearm during the robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (Count Three). Thomas now moves to dismiss Count Three of the Indictment [189]. The Court finds that the Indictment sufficiently alleges a violation of § 924(c) and therefore denies Thomas' motion to dismiss.

**BACKGROUND**

On October 23, 2018, at approximately 12:27 p.m., police officers reported to an AT&T store, located at 17709 Torrence Avenue in Lansing, Illinois, after a witness reported an armed robbery. After arriving at the scene, officers reported that an employee of the store stated that "five males entered the store, three of whom displayed handguns and pointed them at [the employees] while giving demands." Doc. 1 at 3. Four months later, on February 11, 2019, police officers reported to a GameStop store, located at 1710 W. 199th Street in Chicago, Illinois, after an employee reported another armed robbery. The employee described "four

1

African-American males entered the store, and one of the suspects pointed a chrome handgun at [the employee]" while also making demands. *Id* at 27. Subsequent investigation later pointed to Thomas as one of the suspects in both robberies.

On July 15, 2019, Thomas was arrested on a criminal complaint that charged him with two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and a grand jury then indicted him. On October 21, 2020, the grand jury returned the Indictment, charging Thomas with two counts of Hobbs Act robbery, one count of conspiracy to commit Hobbs Act robbery, and one count of using, carrying, and brandishing a firearm during the robbery in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. As relevant here, Count Three charges:

> On or about October 23, 2018, at Lansing, in the Northern District of Illinois, Eastern Division, and elsewhere,
>
> JAWAUN DAVIS, aka "BigFolks,"
> TERRION THOMAS, aka "Fresh,"
> NIKKO ARNOLD, and
> PIERRE GREEN, aka "PNod,"
>
> defendants herein, did use, carry, and brandish a firearm, during and in relation to a crime of violence for which they each may be prosecuted in a court of the United States, namely, a robbery affecting interstate commerce in violation of Title 18, United States Code, Section 1951(a), as charged in Count Two of this Superseding Indictment;
>
> In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

Doc. 184 at 3.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B) provides that a criminal defendant may, prior to trial, move to dismiss an indictment or information as defective. In determining whether an indictment is defective, courts first look to the Sixth Amendment to the Constitution, which

sets out that criminal defendants "shall enjoy . . . the right to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Additionally, Federal Rule of Criminal Procedure 7(c)(1) states that an indictment or information must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

"An indictment is constitutionally sufficient and satisfies Fed. R. Crim. P. 7(c)(1) if it states the elements of the crime charged, informs the defendant of the nature of the charge so she may prepare a defense, and enables the defendant to plead the judgment as a bar against future prosecutions for the same offense." *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). A motion to dismiss an indictment does not challenge the strength of the Government's case or the sufficiency of the evidence. *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). Rather, when ruling on a motion to dismiss, the Court must determine "whether it's possible to view the conduct alleged" as constituting the crime charged. *Id.* "Indictments are reviewed on a practical basis and in their entirety, rather than in a hypertechnical manner." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citation omitted) (internal quotation marks omitted).

## ANALYSIS

Thomas moves to dismiss Count Three of the Indictment as defective on the basis that it fails to sufficiently charge him with aiding and abetting the brandishing of a firearm in connection with the October 23, 2018 robbery, as explained in *Rosemond v. United States*, 572 U.S. 65 (2014). He argues that, to be sufficient under *Rosemond*, in addition to the substantive elements of the § 924(c) charge, the Indictment must also allege that he had advance knowledge of the intended use of the firearm by his co-defendant(s). The government responds that the

3

Indictment sufficiently informs Thomas of the charge because aiding and abetting liability is not a separate offense but rather a theory of liability.

In setting forth an offense, an indictment should generally "track" the words of the statute itself, "so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *Smith*, 230 F.3d at 305. At a minimum, an indictment must provide the defendant with some means of "pinning down the specific conduct at issue." *Id*. Here, Count Three charges Thomas with using, carrying, and brandishing a firearm during the robbery in violation of 18 U.S.C. § 924(c) and includes the alternative theory that he aided and abetted the brandishing of a firearm. Thomas does not dispute that the Indictment sufficiently charges a primary violation of § 924(c). But he argues that the general rule that the government need not explicitly charge aiding and abetting in an indictment does not apply in the case of a § 924(c) violation, making the Indictment in this case deficient.

The Seventh Circuit has held that a person who aids or abets the commission of a crime can be held liable as a principal, regardless of whether an indictment charges an aiding and abetting theory under 18 U.S.C. § 2 separately. 18 U.S.C. § 2; *United States v. Newman*, 755 F.3d 543, 545–46 (7th Cir. 2014). Aiding and abetting is not a separate offense, but rather a theory of liability, thus implicit in every charge. *United States v. Powell*, 652 F.3d 702, 708 (7th Cir. 2011); *United States v. Renner*, 238 F.3d 810, 814 (7th Cir. 2001). Here, even though a statutory citation is not required for the government to proceed on an aiding and abetting theory, the Indictment cites to § 2 and so at least puts Thomas on notice that the government may pursue this theory of liability at trial. *See United States v. Schafer*, No. 3:19-CR-47 DRL-MGG, 2019 WL 4393682, at *3 (N.D. Ind. Sept. 12, 2019) ("The government is not required to write out

4

every explicit element of a crime in an indictment. . . . The presence of the relevant statute thus underscores the fair reading given the indictment by law.").

Thomas, however, argues that *Rosemond* alters the elements for an indictment alleging aiding and abetting a § 924(c) violation. In *Rosemond*, the Supreme Court explained how the traditional requirements of aiding and abetting liability—an affirmative act and intent—applied with respect to a § 924(c) offense. 572 U.S. at 71. With respect to the intent requirement, *Rosemond* held that to be convicted of aiding and abetting a § 924(c) offense, a defendant must have "advance knowledge that a confederate would use or carry a gun during the crime's commission." *Id.* at 67. But *Rosemond* explains what the government must prove *at trial* and what the elements the jury instructions must contain; it does not speak directly to what an *indictment* must allege to sufficiently put a defendant on notice of the crime charged. *See United States v. Dowdell*, No. 15-CR-20710, 2016 WL 1161443, at *5 (E.D. Mich. Mar. 24, 2016) (cases discussing *Rosemond* are "inapposite . . . to the question of what is required for an indictment to give a defendant fair notice of the charges against him"). And while Thomas argues that *Rosemond* articulated an additional element that the indictment must allege, the Court finds that the Supreme Court instead merely interpreted a preexisting requirement for aiding and abetting liability for purposes of § 924(c) and did not add an *essential* element that an indictment must include. *See Montana v. Cross*, 829 F.3d 775, 779 (7th Cir. 2016) (noting that *Rosemond* involved a question of statutory interpretation); *Dowdell*, 2016 WL 1161443, at *5 ("The *Rosemond* Court's articulation of the knowledge required for a conviction for aiding and abetting

a section 924(c) violation is judicial interpretation of the statutory elements of that crime and is not itself an essential element of the crime.").

The Court thus finds that *Rosemond* does not change the general principle that an indictment need not include specific *mens rea* allegations pertaining to aiding and abetting liability for purposes of a § 924(c) offense. *See Newman*, 755 F.3d at 545–46 (discussing *Rosemond*'s requirements for aiding and abetting liability while maintaining that "an indictment need not charge the § 2 offense"); *United States v. Centeno*, 831 F. App'x 666 (Mem) (4th Cir. 2020) (finding no support for the argument that *Rosemond* abrogated holdings that an indictment need not charge aiding and abetting liability to hold a defendant liable on such a theory). The Indictment tracks § 924(c)'s statutory language, thus "adequately stat[ing] all of the elements of the crime charged." *Smith*, 230 F.3d at 305. Further, it sufficiently advises Thomas of the nature and extent of the charges faced in identifying the date and location of the robbery, the names of the other individuals involved, and the fact that Thomas and/or one of his co-defendants brandished a firearm during the robbery.

Finally, because aiding and abetting is only a theory of liability, rather than a separate offense, the lack of an allegation concerning Thomas' advance knowledge of a co-defendant's brandishing of a firearm does not pose any double jeopardy concerns with respect to the § 924(c) charge for the brandishing of a firearm in connection with the October 23, 2018 robbery. *See United States v. Schuh*, 289 F.3d 968, 976 (7th Cir. 2002) (aiding and abetting is "merely a theory of liability, not a substantive offense, and need not be charged in the indictment"). If a jury were to convict Thomas of the § 924(c) offense as an aider and abettor, the government could not later bring the same charge against him as a principal because there is only one offense with multiple theories of liability. *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (A

6

single act may violate multiple statutes but only constitutes multiple offenses where each statute requires proof of an additional fact which the other does not.)  Here, the aiding and abetting statute requires proof of additional fact – Thomas' advance knowledge of his co-defendant's brandishing a firearm – but the substantive statute only requires proof also found in the aiding and abetting statute.  Stated another way, the elements of the substantive statute are fully contained within the aiding and abetting statute.  That is, in order to prove Thomas guilty of being an aider and abettor, the government must prove the basic elements alleged in Count Three that one of the defendants brandished a firearm in the course of the robbery.  Thus, Thomas' double jeopardy concerns are misplaced.  The Indictment sufficiently alleges that Thomas violated § 924(c) either as a principal or an aider-and-abettor.

## CONCLUSION

For the foregoing reasons, the Court denies Thomas' motion to dismiss Count Three of the Superseding Indictment [189].

Dated: February 22, 2021

SARA L. ELLIS
United States District Judge